IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Virginia Stewart, | ) | |
| | ) | |
| Plaintiff, | ) | CA No. 8:06-0376-HMH-BHH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Advantage Health Group, Inc. and | ) | |
| Health Management Resources, Inc. and | ) | |
| Bill Williamson, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce H. Hendricks, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Virginia Stewart ("Stewart") moves to remand the case to state court. In the Report and Recommendation, the Magistrate Judge recommends granting Stewart's motion to remand on the ground that the Defendants' removal to federal court was untimely. The Defendants filed objections to the Report and Recommendation. After review and for the reasons below, the court adopts the Report and Recommendation and grants Stewart's motion to remand.

---

[1] The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1) (West Supp. 2006).

1

## I. FACTUAL AND PROCEDURAL HISTORY

Stewart commenced this suit in state court on September 21, 2005, alleging a claim for civil conspiracy against Advantage Health Group, Inc. ("Advantage") and Bill Williamson ("Williamson") and a claim for refusal to hire on the basis of age, in violation of South Carolina public policy, against Advantage, Williamson, and Health Management Resources, Inc. ("Health"). The Defendants were served with the complaint on December 2, 2005. (Defs.' Notice of Removal ¶ 2.)

On December 27, 2005, the Defendants moved in state court to dismiss Stewart's claims on the grounds that (1) Stewart's "claims are federal claims" under the ADEA, (2) she did not obtain a right to sue letter from the Equal Employment Opportunity Commission, and (3) Stewart's public policy claim must be dismissed because she has "independent administrative and statutory remedies for age discrimination under the ADEA." (Defs.' Mem. Supp. Mot. Dismiss 3.) At the February 6, 2006, hearing on the motion to dismiss, Stewart's counsel stated his intent to amend the complaint to state an ADEA claim against Health. The Defendants removed the case on February 7, 2006, on the basis of federal question jurisdiction. See 28 U.S.C. § 1441(b); § 1331. On February 13, 2006, Stewart filed a motion to remand this case on the basis that the Defendants' removal was untimely.

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the

2

Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The Defendants specifically object to the Magistrate Judge's finding that the removal to federal court was untimely. In order for removal jurisdiction to exist, the federal court must have "original jurisdiction." See 28 U.S.C. § 1441(a). Federal question jurisdiction is one such basis. See 28 U.S.C. § 1331. "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). However,

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Id. "Removal statutes must be strictly construed against removal." Scott v. Greiner, 858 F. Supp. 607, 610 (S.D. W. Va. 1994). Further, the court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993).

> For federal question jurisdiction to exist, federal law must be a direct element in plaintiff's claim. It is not enough for the laws to come in remotely or indirectly. The federal question must appear on the face of the well-pleaded complaint. The well-pleaded complaint rule bars invoking federal jurisdiction on the basis of an answer raising a federal defense. A corollary of the well-pleaded complaint rule states that the party who brings a suit is master of his claim and as such may determine to forego a federal claim and restrict his suit to state court on a state created claim. If the plaintiff so decides, his case generally cannot be removed.

Blair v. Schott Scientific Glass Co., 945 F. Supp. 123, 125 (S.D. W. Va. 1996).  However, two exceptions to the well-pleaded complaint rule exist: "where complete pre-emption by federal law exists, or where the plaintiff seeks to conceal the true federal nature of his claim through artful pleading, the court will look beyond the complaint to determine whether a federal question persists . . . ."  Scott, 858 F. Supp. at 609 n.1 (internal citations and quotation marks omitted).  Under the artful pleading exception, "[a] plaintiff cannot avoid federal court simply by omitting to plead a necessary federal question in the complaint; in such a case the necessary federal question will be deemed to be alleged in the complaint."  15 James Wm. Moore et al., Moore's Federal Practice ¶ 103.43 (3d ed. 2006); Burda v. M. Ecker Co., 954 F.2d 434, 438 (7th Cir. 1992) (noting a "plaintiff may not frame his action under state law and omit federal questions that are essential to recovery.  Therefore, a federal court may, in some situations, look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law.").

The Defendants stated in their motion to dismiss that Stewart's claims "are federal claims."  (Defs.' Mem. Supp. Mot. to Dismiss 4.)  Hence, despite Stewart's artful pleading, the Defendants were clearly able to ascertain from the face of Stewart's complaint that she is alleging a federal claim under the ADEA.  See Mobile-One Communcs. and Elecs., Inc. v. Lazy Days R.V. Center, Inc., No. 05-2097, 2006 WL 2189183, at *2 (M.D. Fla. Aug. 1, 2006) (unpublished) (finding that the defendant's removal to federal court was untimely because "the federal question was apparent to Defendant upon its reading of the complaint, as Defendant raised the issue of preemption in its motion to dismiss" and the "Defendant specifically argued to the state court that Plaintiff's tort claims should be dismissed because

4

they are preempted by federal law"). In fact, in the Defendants' memorandum in support of their motion to dismiss, the Defendants assert that Stewart's complaint alleges a violation of the ADEA.

The Defendants attempt to distinguish <u>Mobile-One</u> because it involved preemption. The court recognizes that <u>Mobile-One</u> concerned removal in a preemption case. However, as in <u>Mobile-One</u>, the Defendants in the case at bar realized after reading Stewart's complaint that her claims raise a federal question and affirmatively stated that Stewart's claims are federal in their motion to dismiss filed December 27, 2005. Accordingly, Defendants were aware that a basis for removal existed well before Stewart's counsel stated that he intended to amend the complaint to state an ADEA claim on February 6, 2006. At a minimum, the Defendants were aware on December 27, 2005, that a federal question was raised by the complaint.

Based on the foregoing, the Defendants' removal of this case to federal court was untimely under § 1446(b). Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Hendricks' Report and Recommendation.

Therefore, it is

**ORDERED** that Stewart's motion to remand, docket number 7, is granted.

**IT IS SO ORDERED**.

                                                                s/Henry M. Herlong, Jr.
                                                                 United States District Judge

Greenville, South Carolina
October 18, 2006